We Epitomize Diversity Response We Epitomize Diversity Response We Epitomize Diversity Response Council here for the next case, Hubbard v. United States. This is appeal number 08-5062 Mr. Dinser, we're ready when you are. May it please the court, on remand the trial court awarded $80,000 in attorney's fees. Based upon a $400 damage award. The trial court did this and committed two errors. First, it failed to separate the successful claims from the unsuccessful claims that the plaintiff had brought. And second, the trial court concluded that the $80,000 fee award was reasonable based on an erroneous definition of the word success or the meaning of success. Turning first to the question of divisibility. Let me ask you a preliminary question. As I read your brief, you're asking us to hold that no attorney's fee should have been awarded. Is that correct? No, your honor. They were successful on their parking claim. That's divisible from the other claims. They should have received fees on that parking claim. Unfortunately, plaintiff's bookkeeping, the way that they presented their bill of costs, they did not break out the hours worked upon that claim. So, they could be denied all fees because of... If you concede they're entitled to some fee on the cost of repairing the parking lot, don't we have to... And if you also, as I understand, contend that the trial court applied the wrong standard in awarding the attorney fees, doesn't this mean that we have to remand it again to the amount of the fee under the proper standard? Your honor, there would be three courses of action available to the court. The court could certainly remand and then we could, and hopefully with a narrow mandate, to determine the fees allocated to the parking claim. The second option would be for the court to try to estimate those fees. We don't fix attorney fees for proceedings before a trial court, do we? No, your honor, but the facts related to the parking claim were not in dispute. Do you think it would be appropriate for us to remand it and say that the court should now award a reasonable fee not to exceed X dollars? I think that the court could do that or could limit it to the parking claim, but quite honestly, your honor, given the fact that the plaintiff hasn't broken out, basically, the burden is on the plaintiff to establish the fees that they pursued in the Hensley court, in the Supreme Court in Hensley. They said proper bookkeeping is the responsibility of the fee applicant and they have not provided a breakdown of what they spent on the parking. So the fee award could be denied based on that. We're not necessarily asking for that, but it certainly could be, and then no remand would be necessary. But yes, your honor. Isn't it true that the plaintiffs established all of their claims, they just weren't able to prove the damages sufficiently to get all they wanted? No. Isn't that what this court said the last time it was here, that this was all one ball of wax? No, your honor. This court didn't make such a fine in one way or the other. There were seven separate claims that the plaintiff brought. The trial court rejected six of them. They're all from the same course of action, right? No, your honor, they're not, and I'll give you an example. The moving claim had to do with the fact that the rental center was separately moved away from the storage facility. That was, the plaintiffs lost profits on that. The parking claim arose from events three months later when the Navy allowed other contractors to park at this facility. Had nothing to do with the moving of the rental center. They all stem, didn't they, from the breach of the contract? Well, there were a variety of breach of contracts alleged. One of the seven claims was that the government had modified the contract and extended it for three years. That claim was also rejected. Having nothing to do with the moving or the parking, one of them had to do with telephone lines. So, your honor, I mean, you could say that they all alleged breach of contract, and in that sense they did, but they all alleged breaches of contract based on separate facts, separate law, seeking separate damages. For the concrete, the damages that were sought were the replacement of the concrete, $400. For the modification, they were asking for the money for the modification for a three-year modification. Very separate claims. Now, under Hensley, the court says you have to divide those claims if they are factually and legally divisible from each other and consider the fees on each. In this case, there was no, and the simple way to see it is that the court found bad faith on the moving of the rental center, the one where no fees were awarded. The court found no bad faith on the parking and no bad faith on any of the other claims. So, if they had all been sort of jumbled together, then this bad faith would have infected everything. The trial court didn't find that, and if you look at the trial court's opinion, it breaks out, and this is at page 194 through 198. Each of the seven identifiable claims considers each one separately, reaches a different resolution both on liability, on bad faith, and on damages. So, they should have been separated, and under Hensley, once you separate them out, then the next step is what we advise, which is say, okay, which ones were successful? And in this case, the successful claim was the parking claim, because they received money on that. The Supreme Court in Farrar advises where recovery of private damages is the purpose of litigation, trial court is obligated to give primary consideration to the amount of damages awarded as compared with the amount sought. So, that is the definition of success, money received, they only received money on the parking claim. So, the trial court should have done that, and then fees should have been allotted only for the parking claim. Now, even if the court is correct that this should all be jumbled together and there's one claim, even if the trial court reached a proper conclusion there, which of course we disagree with, then the second step under Hensley is for this court to ask, and for the trial court to ask, is this a reasonable award? Is $80,000 fee reasonable for a $400 damage claim? And under Hensley, under Farrar, it can't be. Those cases say the most critical factor in determining reasonableness is the degree of success obtained. Now, the trial court said, quote, plaintiff success was limited only in terms of damages. That's what the trial court said. But that's a redefinition of what success means. As I quoted from Farrar, damages were what was sought. The trial court said, well, they were successful in proving bad faith, at least in one claim. That's not only a legal error, that's inconsistent with what this court said on the prior remand. The prior remand, this court said, quote, because the trial court did the exact same thing the first time. The trial court based the damage award on bad faith, and this court said, quote, that bad faith finding, quote, did not make irrelevant Hubbard's lack of success in this case. Bad faith was not enough. That's what this court said. That's law of the case. So on the remand, when the- Am I reading the trial court's decision fairly when it seems to me what the court was saying was in determining the success in this case, they were successful in establishing that the government mistreated the plaintiff. And that was the basis of their whole claim, and therefore, you can't just limit success to the dollar amount. That seems to me what, am I right, that's what seems to me the court was saying. The court did say that, Your Honor, yes. But I mean, first of all, the court- You say that's wrong. Well, it's wrong for several reasons. One is that that finding was only related to one of the seven claims. But second, because they were seeking, they weren't seeking injunctive relief, and this is not the type of case where it's enough to win a moral victory. It is the money that matters. Now, the trial court said, in justifying the award, the case before the court was not one that was a run-of-the-mill contract case. That's trying to raise it above just the money issue. But that expressly contradicts, Your Honor, the opinion that I believe you wrote, where you wrote, quote, that this was, quote, not, quote, a garden variety- I mean, that this was, quote, a garden variety contract claim. You wrote, Your Honor, this case, quote, involves no broad public issues. So it is not one of those big important cases with broad issues that maybe you have to look past the damage award, and maybe you have to consider, you know, what else was at stake. This court has already held that none of those exist. And that was law of the case, and the trial court was bound by that. There was no discretion to ignore that, just as there was no discretion to ignore the Hensley and the Farrar decisions. So because of that, the basis of the trial court's decision, the bad faith, was improper. It should have looked at how much was awarded. Under Hensley, the court must compare the amount sought with the amount awarded. And that's at page 436 of the Hensley decision. And now, the prior appeal, this court noted that the plaintiff recovered less than one-tenth of one percent of the money sought. Okay, this court found that a $110,000 fee was, quote, grossly excessive in light of the small recovery. How about the egregious- what the trial court calls the egregious pre-litigation conduct of the government? Your Honor, the- Factor into the- We've lost that on the prior appeal. That happened, but this court has said that that can't be the basis of ignoring the fact that the plaintiff did not recover any money. That was enough to get him over the line as far as looking to whether he should recover damages. But that's not success. That was a moral victory, perhaps. But that was not a victory that can be considered successful. I'll give you an example why. If the plaintiff had said at the beginning of this case, we want $400, we could have settled for $400. In fact, we didn't dispute the parking claim. So there has to be a basis for us to settle a case, and it has to be monetarily. And so if you have sort of- you know, if there's injunctive relief, if there's other things sought, you can talk about these other things. But they sought money. We have to be able to come up with the amount of money that is reasonably applied to the case and be able to offer that to someone. And ephemera can't count. So no, Your Honor, the bad faith finding is not relevant in this context, in this case, especially given this court's prior holdings. Do you agree that a reasonable fee in this case could exceed the $400 that was recovered? Yes, but not by that much. It could not exceed it by this much. This is out of the ballpark. Could it be $800? Perhaps. Could it be $1,000? Perhaps. Beyond that, we're moving into the unreasonable territory. But what it should be is the limited number of hours. I mean, since we didn't contest the facts, and since the plaintiff never submitted a damage claim for the parking, it should be, you know, the time riding the complaint and then maybe an hour or two, you know, for other factors. And that was it. This was an undisputed claim. What the trial court is allowing to happen is allowing an undisputed claim that was successful to create damages on a bad faith claim that they showed bad faith but wasn't successful. If they hadn't included the parking claim, then they wouldn't have even got past the threshold necessary for EJIT because EJIT requires a showing that the government's actions were changed. They wouldn't have even crossed the threshold if they hadn't had that parking claim. I see them in my rebuttal, but unless there's any questions. No. If you want to save your rebuttal time, that's a good idea. Thank you, Your Honor. Mr. McNichols. Good morning, Mayor. Please, the court. As we all know, this is the second time we've been here on this matter, and before this panel, I think, with one exception. But the knob of the government's argument here really is not an issue for this court. And that is, their argument is the trial court awarded too much money. But the decision of the amount of attorney's fees is for the trial court and not for the court of appeals. The basis on which the amount was calculated is not exclusively for the trial court. That's correct. And that's why this court sent this case back to Judge Smith the last time. As I understand the government's argument here is that the trial court improperly based its award on the time that was spent to develop the government's misconduct in this case rather than addressing the actual recovery in dollar terms. That's as I understand what your opponent is saying. Well, I think what they're saying, Your Honor, is that this case should be divided up into evidentiary snippets. In other words, we offered, the evidence in this case showed that Captain Gorthy set out on a course of extracting money from Mr. Hubbard. He wanted him to pay a larger percentage of the profits from this business than the contract provided. And he asked Mr. Hubbard to give him that extra money, extra percentage. Mr. Hubbard said no. And our theory of the case was, from that point, Captain Gorthy engaged in a course of conduct that involved all types of things in order to coerce Mr. Hubbard, who's here in court with me today, to pay a higher percentage. And everything that we proved, that is, that they cut off the telephones, that they moved the business, that they didn't post signs to tell where the business had moved to, all of those things were proof of a course of conduct by the Army or by the Navy that was directed at a particular objective, namely to extract money from him. Now, the issue of whether a case involves a single issue with common core of facts or whether it involves diverse issues is an issue that the courts have universally held is an issue for the trial court to decide. Because the trial court's the one that's there. The trial court hears the evidence. And there is not a single case that says that this is an issue for appeal. In other words, it's the trial court that makes that Hensley determination. Is this one case involving a core of the same evidence and involving the same principles of law? Or should it be broken up into multiple cases? Well, but suppose the trial court had said that, in its view, a reasonable attorney's fee in this case would be a million dollars. You'd say that was for the trial court? Well, I would say that the trial court has discretion in making that decision unless it's clearly abusive. But in this case, Judge Smith gave very good reasons, just like you asked him to. I mean, you said it back. And he said, OK, we want you to do something that we don't think you did the first time. And that is we want you to consider Hensley. And we want you to consider the degree of success. And we also want you to explain to us the amount. Well, Judge Smith did that. He explained to you exactly what the degree of success was here. And what he said is essentially what Judge Mears said. And that is that the plaintiff had proved the core of its allegations, namely that the Navy had mistreated him. And the only thing that he didn't succeed on was the lost profits claim. Suppose everything in the case is the same except there was no $600 award. Suppose there was just an award of $1 in damages in this case. Would you say the result could be the same? I think that takes us directly to the Supreme Court case of Riverside. The Riverside case, as you remember, was a case involving a situation where police went into a Chicano party and raided the party and apparently abused the people at the party. And the trial court there awarded about $250,000 in attorney's fees. And the award of damages were in the area of $10,000 to $30,000. And the Ninth Circuit affirmed. And then it went up to the Supreme Court. And the Supreme Court said, reconsider this in light of Hensley. Well, the trial court did and made the exact same award after considering Hensley. And then it came back to the Supreme Court. And the Supreme Court, and I think this case is very similar to the one you're faced with in a lot of ways. And the principle of law is the same. But what the Supreme Court said there is that Congress did not intend for the attorney's award to depend on or to require a substantial verdict of any kind. And it says specifically at page 476 that attorney's fees are not conditioned upon and need not be proportionate to the damages. It eliminated that as a consideration. Hensley did the same thing. And of course, this court said the same thing when you reversed this case. You said specifically that the amount of damages is totally in the discretion of the trial court and that we will not express an opinion as to what that amount is. And then the Riverside Supreme Court went on to say that if you had any rule of proportionality, which is exactly what the government's arguing for here. They did this before Judge Smith. Even after you told them in reversing this case that this is not a case where there's going to be any formula or any ratio. It's an equitable decision to be made by the trial court. They go back to the trial court and make this same argument that it should be proportionate to the amount of damages. And Judge Smith rightly rejected that. But the Supreme Court in Riverside said the same thing and went even farther. It said that proportionality would seriously undermine the congressional purpose of the Equal Access to Justice Act because Congress wants to encourage the enforcement of calling to attention unreasonable conduct by government personnel. And it wants to do that even when the amount of damages would not make it feasible. That was at page 577 of the Supreme Court decision in that case. So the question here is this court, I believe, should implement the policy of that statute. And I think the question you have to ask yourself is this. Let's suppose we have a situation where there's conduct by the government that is unintentional, it's negligent, it's innocent, but it causes a lot of damage. Well, in that case, the trial court could award a big fee. Let's suppose, on the other hand, that you have like this case where the conduct of the government is intentional, it's in bad faith, it's reprehensible, and as the courts say, it does not represent the high standards of this government, and then there are little or no damages. In that case, the plaintiff would not be able to recover attorney's fees. That's not consistent with what the statute calls for. And the whole policy of this statute is to allow individual citizens access to the court by taking away the disincentive, the financial disincentive, of having to bring an action for small damages when they've been mistreated by the government. Congress has deliberately decided that more important than the government fisc, as was said in the Commissioner versus Gene case, more important than protection of the government money is this policy to number one, encourage citizens who don't have the money ordinarily to engage in this kind of litigation, and I would point out that this litigation has been going on for 14 years, and to encourage those people to bring actions in order to bring to the attention of the court unreasonable conduct by government employees or government representatives. I was going to ask you why it's taken 14 years for this relatively minor case to get to this point. Well, a lot of things happened. The primary delay was between the submission of this case to Judge Smith and his decision, and I believe he had some tragedies in his life and some things happened to him, and that delayed the decision by four or five years, and then there, of course, have been two appeals here. One of the reasons that the Supreme Court had said that we should not, that the appeal court should not really get involved in what is essentially a factual matter, that is, the amount of attorney's fees, is because it encourages appeals and endless litigation, and that goes right against the policy of the statute, which is to encourage people with smaller resources to bring actions in order to vindicate their rights. So by having this case come up here twice, we've already kind of undermined the policy of the statute. I think the first time, you were absolutely correct. I think Judge Smith did not make known his following of Hensley, and I think you had an obligation to make him do that, but now he's done it, and he went through Hensley and applied every one of the Hensley factors, just the way you told him, just the way the Supreme Court told him, and he's come back with a decision. In this decision, he's the one that tried the case. He's the one that knows of the situation, and I would point out he did not set the amount of these fees as damages. What he did was he took the total number of hours on the case. He decided what hours were reasonable for the whole case, and then he said, well, you know, the part that wasn't successful here was proving lost profits. So everything else was successful, and so he deducted the time that was involved in proving lost profits. Now, I think there's probably more than one way to decide what the prevailing claims were here, what the successful and unsuccessful claims were, but he picked a perfectly logical way of doing it. And I think that this court should defer to the trial judge. He's the one that was there. He used a logical means of separating these two things, and I would think that he should be upheld, both because he did what was right, and secondly, because if this court gets into second guessing what are essentially factual determinations, you're going to just encourage more appeals in these equal access to justice cases. Any more questions? Thank you, Mr. McNichols. Thank you. Mr. Dinsey. Thank you, Your Honor. Turning directly to what the trial court's adjustment, the trial court's adjustment merely took off some hours that were spent preparing for the lost profits theory. It didn't affect all those hours that were spent pursuing the moving claim that was unsuccessful. Now, turning to the discretion, the trial court does have some discretion, but Hensley, Farrar, and the law of this case limit that discretion. What Hensley stated, what the Supreme Court stated, is the court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified. There are limits set by the Supreme Court on the exercise of that discretion. Your Honor, with respect to the proof of the bad faith, there was no finding, not only that there was no lost profits, but that there was no injury related to the bad faith. So it's not that the plaintiffs succeeded in proving that they were harmed. There was no injury at all. And so that's why the trial court didn't award any damages. Now, my colleague at the bar, I think he overstates what the trial court held with respect to the bad faith. The trial court expressly concluded that six of the seven claims did not involve bad faith. So the parking was not related to bad faith. The fire drill was not related to bad faith. And so if that's his overall claim, that there was a series of actions. That was the two. You say six of the seven? As I recall, there were the two that you mentioned that were said not to be related to bad faith. I don't know if all the others were exonerated. They were, Your Honor. The trial court expressly concluded that the only bad faith was with respect to the moving claim. The fire drill claim and the parking claim. In the court's conclusion, it says there's no bad faith. With respect to the signs and the hours, the trial court found that it was a bureaucratic malaise, but there was no bad faith. Is there a position that when you have a damage claim, just a damage claim, breach a contract or whatever it is, that the degree of success is to be measured solely by the amount, the dollar amount of the recovery? Unless it is a case, a civil rights case with an overall... This is under the freedom of, under the Equal Access to Justice Act. You say that the degree of success is to be measured solely by the damages recovered. Your Honor, I believe that that's the case. There may be someday some case with some overarching issue that that... Generally. But generally, absolutely. This case does not come within whatever conceivable exceptions there might be to that general principle. And that's what this case held in the prior decision. It expressly held that. Finally, on the purpose of EJ, Your Honor, it is not to encourage people to sue when there's no financial injury, not to validate claims, not to... We can't encourage that because there's no way for the government to settle claims like that. It is to encourage people to pursue their financial injuries so that the government has the opportunity either to settle them if they're right or to challenge them if they're wrong. Okay. Thank you, Mr. Ducey. Thank you very much.